**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Clark,<br><br>              Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>              Respondents. | No. CV-17-03105-PHX-DGC (ESW)<br><br>**ORDER** |

Petitioner Thomas Clark, who is confined in the Arizona State Prison-Kingman, filed a pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 19) which the Court ordered the Government to answer. (Doc. 20 at 4). On March 19, 2018, Petitioner filed a second "Motion Requesting to Have an Attorney Assign [sic] to My Case, Represent Me in Court" (Doc. 24). Petitioner requests the appointment of counsel because Petitioner (i) is not educated in the law, (ii) is indigent, and (iii) needs to conduct discovery.

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney

represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Petitioner's filings with the Court indicate that Petitioner is capable of navigating this proceeding and presenting arguments to the Court. Having considered the likelihood of success on the merits and Petitioner's ability to articulate his claims, the Court does not find that exceptional circumstances are present that would require the appointment of counsel in this case. Petitioner remains in a position no different than many pro se prisoner litigants. The Court does not find that the appointment of counsel is necessary to prevent due process violations. Nor do the interests of justice so require appointment. The Court will deny Petitioner's "Motion Requesting to Have an Attorney Assign [sic] to My Case, Represent Me in Court" (Doc. 24). If, at a later date, the Court determines that an evidentiary hearing is required, the Court will appoint counsel in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

For the reasons set forth herein,

**IT IS ORDERED** denying Petitioner's "Motion Requesting to Have an Attorney Assign [sic] to My Case, Represent Me in Court" (Doc. 24).

Dated this 12th day of April, 2018.

Eileen S. Willett
United States Magistrate Judge