**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Clark,<br><br>              Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>              Respondents. | No. CV-17-03105-PHX-DGC (ESW)<br><br>**ORDER** |

Thomas Clark is confined in Arizona state prison. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 19. Magistrate Judge Eileen Willett issued a report recommending that the petition be dismissed ("R&R"). Doc. 39. Clark filed an objection. Doc. 40. For reasons stated below, the Court will accept the R&R and dismiss the petition.

**I.    Background.**

Clark was indicted in state court on multiple assault charges in May 2015. Doc. 29-1 at 4-7. He pled guilty to aggravated assault with a dangerous weapon and attempted sexual assault and was sentenced to fifteen years in prison. *Id.* at 18-25, 43-49.

In March 2017, Clark filed a petition for post-conviction relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 29-4 at 5-38. The state

opposed the petition. *Id.* at 42-59. Clark replied in the form of a Rule 32.9(a) motion for review. *See id.* at 61-81. The trial court found that Clark failed to raise a colorable claim and summarily dismissed the petition pursuant to Rule 32.6(c). *Id.* at 85.[1] Clark did not seek appellate review pursuant to Rule 32.9(c). *See* Doc. 19 at 2-3.[2]

Clark initiated this federal habeas proceeding in September 2017. Doc. 1. His amended petition asserts ineffective assistance of counsel, prosecutorial misconduct, double jeopardy, and due process claims. Doc. 19. Judge Willett recommends that the petition be dismissed because the claims are procedurally defaulted. Doc. 39.

## II. R&R Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Discussion.

### A. The Exhaustion Requirement and Procedural Default.

It is well settled that a "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see Picard v. Connor*, 404 U.S. 270, 275

---

[1] Rule 32.6 was amended on January 1, 2018. The summary dismissal procedure for non-colorable PCR claims is now set forth in Rule 32.6(d)(1). *See State v. Conde*, No. 2 CA-CR 2017-0326-PR, 2018 WL 300275, at *3 (Ariz. Ct. App. Jan. 5, 2018).

[2] Rule 32.9 governs review of decisions on PCR petitions and provides for both a rehearing by the trial court and appellate review. Ariz. R. Crim. P. 32.9(a), (c). As noted, Clark filed his motion for review pursuant to Rule 32.9(a). Doc. 29-4 at 63. The motion reasonably can be construed only as a reply brief given that it was filed in response to the state's opposition and before the trial court had issued a decision on the petition. *See id.* at 42-85; *see also State v. Jackson*, No. 2 CA-CR 2017-0354-PR, 2018 WL 1474882, at *1 (Ariz. Ct. App. Mar. 26, 2018) ("Rule 32.9(a), governing motions for rehearing, refers only to the court's ruling on a petition for post-conviction relief.").

(1971) (citing *Ex parte Royall*, 117 U.S. 241 (1886)); 28 U.S.C. § 2254(b)(1). That exhaustion includes appellate remedies. As the Supreme Court has explained: "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). PCR claims of "Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

An unexhausted claim is procedurally defaulted in a federal habeas action where the claim would be barred in a return to state court. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). A federal court may review the merits of a procedurally defaulted claim if the petitioner shows cause for the default and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Review is also warranted where the petitioner shows that the failure to consider the claim would result in a fundamental miscarriage of justice. *See Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014).

**B.  Judge Willett's R&R.**

Judge Willett found Clark's claims to be unexhausted because he did not appeal the trial court's dismissal of his PCR petition. Doc. 39 at 5-6. Because the claims would be denied as untimely if Clark were to return to state court and present them in a second PCR proceeding, *see* Ariz. R. Crim. P. 32.4, Judge Willett concluded that the claims are now procedurally defaulted. *Id.* at 6-7. Judge Willett further concluded that Clark has not shown cause and prejudice or that the dismissal of the claims would result in a fundamental miscarriage of justice. *Id.* at 7-10.

/ / /

### C. Clark's Objection.

Clark contends that he exhausted all available state remedies because the trial court's dismissal of his petition under Rule 32.6(c) and purported denial of his Rule 32.9(a) motion precluded him from seeking appellate review. Doc. 40 at 3-6. This is not correct.

Rule 32.9(c) provides that within 30 days "after the entry of the trial court's final decision on a petition or a motion for rehearing, an aggrieved party may petition the appropriate appellate court for review of the decision." Ariz. R. Crim. P. 32.9(c)(1)(A). Pursuant to this rule, Clark clearly was entitled to seek appellate review of the trial court's order dismissing his petition. Neither the dismissal of the petition under Rule 32.6(c) nor the denial of the Rule 32.9(a) motion affected Clark's appellate rights. *See State v. Peterson*, No. 2 CA-CR 2015-0167-PR, 2015 WL 4931664, at *1-2 & n.1 (Ariz. Ct. App. Aug. 18, 2015) (granting review of the trial court's orders summarily dismissing the petition and denying the motion for a rehearing filed pursuant to Rule 32.9(a)); *State v. Symonette*, No. 2 CA-CR 2017-0013-PR, 2017 WL 1365993, at *1-2 (Ariz. Ct. App. Apr. 13, 2017) (granting review but denying relief because the trial court did not abuse its discretion in dismissing the petition under Rule 32.6(c)); *State v. Taylor*, No. 2 CA-CR 2013-0100-PR, 2013 WL 1920827, at *1-2 (Ariz. Ct. App. May 8, 2013) (same); *see also State v. Sales*, No. 2 CA-CR 2017-0031-PR, 2017 WL 977016, at *1 (Ariz. Ct. App. Feb. 13, 2017) (explaining that a dismissal under Rule 32.6(c) is a "final decision" of the trial court contemplated by Rule 32.9(c)); *State v. Madueño*, No. 2 CA-CR 2015-0160-PR, 2015 WL 4747786, at *1 (Ariz. Ct. App. Aug. 10, 2015) (Rule 32.9(c) "permits review . . . of 'the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing' filed pursuant to Rule 32.9(a)").

Judge Willett correctly found that Clark's claims are now procedurally defaulted. Doc. 39 at 5. Clark has not shown cause for the default. He claims that he did not know he could appeal under Rule 32 (Doc. 19 at 5), but his ignorance is not an objective

external factor that establishes cause. *See Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012) ("[A] pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'"); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause); *see also Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy not a sufficient factor for demonstrating cause).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* Clark presents no such evidence.

Clark's objections to the R&R are without merit. Because his claims are procedurally defaulted and no exception applies, the Court will accept the R&R and dismiss the petition.

**IT IS ORDERED:**

1. Judge Willett's R&R (Doc. 39) is **accepted**.

2. Clark's amended petition for writ of habeas corpus (Doc. 19) is **dismissed**.

3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.

4. The Clerk is directed to **terminate** this action.

Dated this 10th day of June, 2019.

_David G. Campbell_
David G. Campbell
Senior United States District Judge

5